CREDIT COUNSELLORS, INC., a Corporation, Plaintiff and Respondent, v. JAMES W. PARK and WILLIAM R. WEST, Defendants and Appellants.

No. 12528.
Submitted Sept. 24, 1973.
Decided Oct. 25, 1973.
514 P.2d 1330.

Church, Harris, Johnson & Williams, Great Falls, Cresap S. McCracken, argued, Great Falls, for appellants.

Stephen Swanberg argued, Great Falls, for respondent.

The Hon. M. JAMES SORTE, District Judge, sitting for MR. JUSTICE JOHN C. HARRISON, delivered the Opinion of the Court.

Plaintiff (respondent) Credit Counsellors, Inc. recovered judgment on a note in the district court of the eighth judicial district, Cascade County, and defendants (appellants) appealed.

Elsie C. Nelson, the widow of Sig T. Nelson, testified that the promissory note that is the subject of this action was given by defendants West and Park to Sig T. Nelson as part payment for the liquor and beer license of the old Great Falls Hotel. Elsie C. Nelson, as executrix of the Estate of Sig T. Nelson, assigned the note to plaintiff, Credit Counsellors Inc. Plaintiff sued on the note and defendants answered by: (1) Denying that the complaint stated a claim upon which relief could be granted; (2) Alleging that payment of the note was contingent upon defendants' continued operation of a retail liquor business; (3) Alleging the note was given without consideration; and (4) Generally denying the allegations of the complaint.

Defendants allege error because of improper foundation for admission in evidence of the following numbered exhibits:

1. Note signed by defendants;

5. Dunning letter from plaintiff to defendant West and his reply written on the back of the letter acknowledging the debt.

6. Letter from defendant West to plaintiff acknowledging the debt.

Defendants argue there was no proper foundation for admission of the exhibits in evidence and therefore a failure of proof of execution, delivery and consideration for the note.

The execution of the note is admitted by defendants'

answer to the complaint "That payment of said Promissory Note was contingent upon Defendants' continued operation of a retail liquor business * * *." There was, therefore, sufficient foundation to admit the note (exhibit 1) in evidence.

The debt underlying the note was admitted by defendant West, a joint debtor, by his written reply on the dunning letter from plaintiff (exhibit 5), his letter to plaintiff (exhibit 6), and in a phone conversation with Elsie C. Nelson. Section 93-401-27(5), R.C.M. 1947, provides that the act or declaration of a joint debtor may be given in evidence.

The possession of the note by plaintiff, considered with exhibits 5, 6 and the matters above are adequate proof of delivery of the note.

After proof of execution and delivery of the note, consideration is presumed (section 93-1301-7(21), R.C.M. 1947).

If defendants could have defended on the grounds of failure of consideration they should have rebutted the presumption of consideration with their own testimony.

Because defendants did not testify the prima facie case of plaintiff resulted in judgment.

The judgment is affirmed.

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES DALY, HASWELL and CASTLES concur.